UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID POSCHMANN

    Plaintiff,

v.                                                  Case No. 2:21-cv-309-JLB-NPM

SUNSHINE ISLAND INN, LLC

    Defendant.
_____/

## ORDER

The parties seek approval and entry of a consent decree (Docs. 11, 11-1), under which Defendant agrees to improve its online reservation system based on Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12181–12189. Recently, however, the Eleventh Circuit has held that a website is not a "public accommodation" under the ADA. Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266, 1274–75 (11th Cir. 2021).[1] To the extent a website's inaccessibility may pose an "intangible barrier" to enjoyment of a public accommodation, plaintiffs must demonstrate that the website is "necessary" for them to "communicat[e] effectively

---

[1] The parties acknowledge Gil but nevertheless maintain it is inapplicable because Gil did not involve the ADA regulation at issue here, 28 C.F.R. § 36.302(e)(1). (Doc. 11 at 2–3.) Broadly speaking, section 36.302(e)(1) places certain obligations on a public accommodation offering reservations for lodging. Although this case does not involve section 36.302(e)(1), it nevertheless implicates the same statutory provisions. Neither party suggests Gil's reading of the statute conflicts with the regulation. They merely assert that it is factually distinguishable. But Defendant apparently agrees with Gil because it "denies that the Website [at issue here] is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA." (Doc. 14-1 at 2.) Thus, Gil is not distinguishable solely because a different regulation is involved.

with, or access[] the services" offered in the "actual, physical space[]" of the public accommodation.  Gil, at 1280.  For example, an inaccessible website that serves as a public accommodation's "sole access point" may violate the ADA.  Id.; see also Rendon v. Valleycrest Prods., Ltd., 294 F.3d 1279, 1286 (11th Cir. 2002) (holding that a "fast finger" telephone screening process that served as the only means of selecting contestants for a game show may violate the ADA).

Neither the parties' joint motion nor the proposed consent decree establishes that: (a) Defendant's website is the "sole access point" for the lodging services provide by Defendant; or (b) the website is otherwise "necessary" to ensure Plaintiff's communication with—or access to the services in—the physical lodging space operated by Defendant.  See Poschmann v. Tradewinds of Sanibel, LLC, No. 2:21-cv-303-JES-MRM, 2021 WL 3190557, at *2 (M.D. Fla. July 28, 2021).  The Court applauds and appreciates the parties' efforts to resolve this case, but is limited in its role to enter and enforce a consent decree given the facts here. Nevertheless, the Court is hopeful that the parties continue to amicably resolve this dispute without enforcement.  Accordingly, the Joint Motion (Doc. 11) is **DENIED**. **On or before September 8, 2021**, the parties are **DIRECTED** to file the appropriate document terminating this action or, upon good cause shown, to reopen the case for further proceedings.  (See Doc. 10.)

**ORDERED** at Fort Myers, Florida, on August 25, 2021

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE